| | |
|---|---|
| **PATRICK HALL and CARLOS CANTU,** | 1:19-cv-00565-LJO-BAM |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **KRAFT HEINZ FOOD COMPANY (LLC), MATT NINO, and DOES 1 through 50, inclusive,** | |
| Defendants. | (ECF Nos. 6, 9) |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

This case concerns claims brought by Patrick Hall ("Hall") and Carlos Cantu ("Cantu") against Kraft Heinz Food Company (LLC) ("Kraft"), Matt Nino ("Nino"), and Does 1 through 50. This case was originally filed in Tulare County Superior Court on March 26, 2019. ECF No. 1-1, Ex. A. On May 1, 2019, Defendant Kraft filed a notice of removal to this court. ECF No. 1. On May 8, 2019, Defendant Nino filed a motion to dismiss. ECF No. 6. On May 27, 2019, Plaintiffs filed a motion to remand that also served as their opposition to the motion to dismiss. ECF No. 9. Defendant filed their opposition to the motion to remand on June 4, 2019, and Plaintiffs filed their reply regarding their motion to remand on June 11, 2019. ECF Nos. 11, 12.

## II. BACKGROUND

Plaintiffs, Patrick Hall and Carlos Cantu, are former employees of the Kraft Heinz Foods Company at a factory in Tulare. ECF No. 1-1, Ex. A. On February 22, 2019, Patrick Hall received a Right to Sue notice after filing a complaint with the California Department of Fair Employment and

Housing ("DFEH") against Kraft, the local affiliate Kraft Heinz, and David Bogan, alleging harassment, discrimination, and retaliation. *Id.* On March 26, 2019, the Plaintiffs filed a complaint against Kraft, Matt Nino, and Does 1-50. *Id.* The Complaint brings fourteen causes of action, thirteen of which name "every non-individual Defendant."[1] *Id.* The exception is the sixth cause of action, for workplace harassment in violation of the California Fair Employment and Housing Act, which also names as a defendant Matt Nino, Plaintiff Hall's superior at work. *Id.* ¶¶ 19, 91-99. Defendant Nino's presence in the suit is the basis for the Plaintiffs' Motion to Remand, and the sixth cause of action is the sole target of Defendant Nino's Motion to Dismiss. ECF No. 6, 9.

Plaintiff Hall alleges that in and around January 2018, Defendant Nino posted a harassing comment on a social media website. ECF No. 1-1, Ex. A at ¶ 19. The Complaint alleges that the comment was posted while Plaintiff Hall was on medical leave for anxiety and depression, and that the harassing comment was related to these medical issues. ECF No. 1-1, Ex. A. Plaintiff Hall alleges his employment was terminated on or about March 27, 2018, and that this termination was retaliatory, related to the harassment, or harassing in its own right. *Id.* The Plaintiffs also allege that all relevant conduct of all Defendants was approved or ratified by all other Defendants. *Id.*

Defendants removed the case to this Court on May 1, 2019, arguing that there was complete diversity of citizenship between Plaintiffs and all properly joined Defendants, and that the amount in controversy was more than $75,000. ECF No. 1. Defendants argued that Matt Nino's citizenship could be ignored under the fraudulent joinder doctrine because it was obvious under the settled laws of the state that Plaintiff had failed to state a claim. *Id.* On May 8, 2019, Defendant Nino filed a Motion to Dismiss the sixth cause of action against him pursuant to Federal Rule of Civil Procedure 12(b)(6),

---

[1] The claims are for 1) Wrongful Termination in Violation of Public Policy under the California Fair Employment and Housing Act ; 2) Disability Discrimination; 3) Failure to Provide a Reasonable Accommodation; 4) Failure to Prevent Discrimination and Retaliation; 5) Failure to Engage in a Good Faith Interactive Process; 6) Work Place Harassment in Violation of the California Fair Employment and Housing Act; 7) Failure to Pay All Hours Worked; 8) Failure to Pay Overtime Compensation; 9) Failure to Provide Itemized Wage Statements; 10) Waiting Time Penalties; 11) Meal Period Violations; 12) Rest Period Violations; 13) Unfair and Unlawful Business Practices; 14) Wrongful Termination in Violation of Public Policy under the California Government Code.

presenting an argument similar to the argument for removal. ECF No. 6. On May 23, 2019, Plaintiff Hall filed an amendment to his earlier DFEH complaint, adding Matt Nino to the caption, and on May 27, 2019, Plaintiffs filed a Motion to Remand which also served as their opposition to the Motion to Dismiss. ECF No. 9. Plaintiffs' Motion to Remand argues that Matt Nino was a properly joined Defendant because the amended DFEH complaint related back to the original DFEH complaint from February 22, 2019, and disagreed with the Defendant's determination of when the statute of limitations began to run. *Id.* Defendants filed their Opposition to the Motion to Remand on June 4, 2019, and Plaintiffs filed their Reply in support of their Motion to Remand on June 11, 2019. ECF Nos. 11, 12. Pursuant to Local Rule 230(g), the Court determined that this matter was suitable for decision on the papers and took it under submission on May 28, 2019. ECF No. 10.

### III. LEGAL STANDARD

**A.  Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at

556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.      Motion to Remand**

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The defendant always bears the burden of establishing that removal is proper, and the Court "resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The existence of federal jurisdiction is determined by the complaint at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). *See also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)

("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* at 1067 (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. A defendant cannot successfully prove fraudulent joinder, however, by merely arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of America*, No. CV 15-902-GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1.

A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The defendant can meet that heavy burden by showing that the statute of limitations bars the claim. *Id.* ("We have upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant."). A failure to exhaust administrative remedies through

naming defendants in a DFEH charge can also meet this heavy burden. *Plummer v. Tesoro Refining & Marketing Co.*, No. CV 16-02044 SJO (JEMx), 2016 WL 3180327, at *3 (C.D. Cal. June 3, 2016) (finding that defendants were fraudulently joined because they had not been named in the caption or body of a DFEH charge). However, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Rather, "[t]he defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Id.* (internal quotation marks omitted).

## IV. DISCUSSION

Because "determination of the remand issue will facilitate litigation in the appropriate forum," and because "judicial economy will be best served by addressing the remand issue," the Court first considers the motion for remand. *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (internal quotation marks and citations omitted).

**A.   Motion to Remand**

Defendants removed this case to the federal court on the basis of diversity of citizenship, alleging that the non-diverse defendant—Matt Nino—was fraudulently joined and should be disregarded for the determination of jurisdiction. ECF No. 1 at 8. Defendant makes three arguments in the motion: 1) Plaintiff failed to exhaust his administrative remedies against Nino; 2) the statute of limitations barred the claim against Nino; and 3) the harassment claim as alleged against Nino fails as a matter of law. ECF No. 1 at 9-12. The parties do not dispute that the amount in controversy exceeds $75,000. ECF No. 1 at 13-18, ECF Nos. 9, 12. The only contested point as to federal jurisdiction is whether Defendant Nino was fraudulently joined. ECF Nos. 9, 12.

   **1.   FEHA Claim Against Nino**

Plaintiff Hall's claim against Defendant Nino is for workplace harassment in violation of the California Fair Employment and Housing Act (FEHA). FEHA makes it unlawful "[f]or an employer . . .

6

or any other person, because of . . . mental disability . . . to harass an employee[.]" Cal. Gov't Code § 12940(j)(1). FEHA specifically makes harassment by an employee unlawful. *See* Cal. Gov't Code § 12940(j)(3) ("An employee . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer . . . knows or should have known of the conduct and fails to take immediate and appropriate corrective action.").

### 2. **Plaintiff Failed to Exhaust Administrative Remedies Against Nino**

"FEHA creates an administrative agency, DFEH, whose task it is to receive, investigate and conciliate complaints of unlawful employment discrimination [citations]." *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995). "Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with DFEH." *Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (2011). Exhaustion includes the timely filing of administrative complaints addressing the claims and parties at issue, as well as the procurement of right-to-sue letters. *See Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996). An employee may not bring a lawsuit until they receive a right-to-sue notice from DFEH. *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 905 (N.D. Cal. 2013). It is the plaintiff's burden to plead and prove timely exhaustion of administrative remedies. *See Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014) (citing *Garcia v. Los Banos Unified School Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006)).

Even once an employee has received a right-to-sue notice, they may not proceed with a lawsuit against parties that were not named in the DFEH complaint. *Polk v. OSI Electronics, Inc.*, No. CV-14-292-MWF (ASx), 2014 WL 12787639, at *4 (C.D. Cal. Feb 24, 2014) ("no California state court has held that a plaintiff may assert a FEHA claim against a party not mentioned in the DFEH charge") (quoting *Rich v. Koi Restaurant*, No. B196078, 2009 WL 793913, at *4-5 (Cal. Ct. App. Mar. 27, 2009) (unpublished decision)). The California Courts of Appeal have held that while a plaintiff can exhaust administrative remedies for claims against defendants not named in the caption of the administrative charge if those defendants are identified in the body of the charge, a harassment claim may not proceed

7

against a defendant that is not named in either the caption or the body of the DFEH complaint. *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 116 (2002) ("Four cases have previously dealt with the right to sue a party who was not expressly named in the FEHA complaint . . . . None of these cases held that a harassment case may proceed against one not mentioned in the administrative complaint."); *id*. at 118 (reversing denial of demurrer against defendants neither listed in the caption of the FEHA complaint nor mentioned in the body of the FEHA complaint). Failure to exhaust administrative remedies in the FEHA context "is a jurisdictional, not a procedural, defect." *Blum v. Superior Court*, 141 Cal. App. 4th 418, 422 (2006) (quoting *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995).

Defendant Nino was not named in Plaintiff Hall's original February 22, 2019, DFEH filing in either the caption or the body. ECF No. 1-1, Ex. A. Matt Nino is named as a defendant in Plaintiff's March 26, 2019, complaint to the Tulare County Superior Court. *Id.* Because Plaintiff had not named Defendant Nino in the caption or body of the DFEH complaint at the time he filed suit, Plaintiff had not exhausted administrative remedies as to Defendant Nino and his suit against him was barred. *Polk*, 2014 WL 12787639, at *4; *Medix*, 97 Cal. App. 4th at 116.

### 3. Statute of Limitations Bars Claim Against Nino

Defendant next argues that the one-year window to file a complaint with DFEH has passed, rendering Plaintiff Hall's claim against Defendant Nino time-barred. The statute of limitations for FEHA actions gives a plaintiff one year from the last act of harassment to file a charge with DFEH. Cal. Gov. Code § 12960; *see Burrell v. County of Santa Clara*, No. 11–CV–04569–LHK, 2013 WL 2156374, at *14 (N.D. Cal. May 17, 2013) ("To be timely, a DFEH complaint must be filed within one year of the alleged violation.").[2]

---

[2] This requirement is subject to several exceptions, none of which is alleged to apply here. Cal. Gov't Code § 12960(d).

8

As alleged in the Complaint, the harassing incident occurred in and around January of 2018. ECF No. 1-1, Ex. A at ¶ 19. Assuming *arguendo* that the incident presented an actionable claim, the DFEH complaint on February 22, 2019, occurred after the statute of limitations had run. Plaintiff's motion to remand attempts to retreat from the date alleged in the Complaint, stating that he is "unaware of the exact date the comment was made" and that "it is highly probable" that the comment was made after February 22, 2018, placing it within one year of the right-to-sue letter of February 22, 2019. Emma Bittner, who worked as a Human Resources Manager for Kraft in January of 2018, has submitted to the Court a summary of a conversation she had with Matt Nino on January 23, 2018.[3] ECF No. 11-1, Ex. A. Their conversation concerned the comment at issue here, indicating that it must have been posted earlier than January 23, 2018. Although Plaintiff responds to the Declaration of Emma Bittner in his reply, he does not dispute the accuracy of the date set forth in her declaration. ECF No. 12. The Court accordingly finds that the comment that Plaintiff cites in the Complaint as the basis for his claim against Defendant Nino occurred more than a year before the FEHA complaint was filed and the right-to-sue letter obtained.

Plaintiff next contends that Defendant Nino's comment on Plaintiff Hall's social media page constituted a continuing course of conduct for as long as it remained accessible on the internet, ending only when Plaintiff Hall was finally terminated. ECF No. 12 at 5-6. Plaintiff provides no legal support for this contention. The Ninth Circuit has held in a case brought under California law for violation of common law right to privacy and California statutory rights to publicity that "under California law, a statement on a website is not republished [and the statute of limitations is not reset] unless the statement itself is substantively altered or added to, or the website is directed to a new audience." *Yeager v. Bowlin*, 693 F.3d 1076, 1082 (9th Cir. 2012). This "single-publication rule" arose in the context of defamation and other tort claims and "is designed to provide repose to defendants by precluding stale

---

[3] Defendants who remove a case to federal court are "entitled to present additional facts to demonstrate that a defendant has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018).

claims based on dated but still-lingering mass communications." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1168 (9th Cir. 2011). State and federal courts in California have determined that it applies to the internet under California law. *Id*. at 1167 ("Although the California Supreme Court has not addressed the issue, the California Courts of Appeal have uniformly applied the rule to websites."); *Traditional Cat Assn., Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 404 (2004) (stating that "we have very little doubt" that the California Supreme Court would apply the single-publication rule to websites). Courts have applied the rule in other contexts outside the areas of defamation and similar torts in which online publication supplies the alleged cause of action. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) (applying single-publication rule to hold that as a matter of federal law in § 1983 case that hosting information on a website did not amount to continuous republication that reset the statute of limitations); *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1129 (9th Cir. 2006) (holding that single-publication rule applied to claim brought under the federal Privacy Act for information posted to internet). Plaintiff offers nothing to persuade the Court that the general principle that a one-time online publication qualifies only as a single violation should not apply under these circumstances to the FEHA context as well.

Plaintiff also argues that the social media post was not an isolated incident, but that Defendant Nino continued his allegedly harassing conduct through involvement in Plaintiff Hall's termination. This argument is unsupported by any factual allegations. The FEHA complaints, the Complaint removed to this Court, and the briefing on the motions to remand and to dismiss offer no factual support for the contention that Defendant Nino was involved with Plaintiff Hall's termination. Even if such factual support were forthcoming and permitted, Plaintiff Hall does not dispute that permanence was reached when he was terminated on March 27, 2018. ECF No. 12 at 6. As of the date of removal, May 1, 2019, Plaintiff Hall had not yet exhausted his administrative remedies against Defendant Nino, and the statute of limitations had run.

### 4. The Relation-Back Doctrine Does Not Rescue the Complaint

Plaintiff argues that the May 23, 2019, amendment to the DFEH complaint, adding Matt Nino as a defendant in the caption, renders the charge timely. ECF No. 9 at 6-7. Defendant argues that a party cannot be added to an administrative charge under the relation-back doctrine where the claim against the new party is untimely. ECF No. 11 at 8-9. Courts have found that in some cases an otherwise untimely complaint can be rendered timely if it relates back to an earlier timely DFEH complaint. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 902 (9th Cir. 1994) (relating a late-added charge of discriminatory layoff back to a timely DFEH complaint for discriminatory failure to recall and rehire because the original facts and theory of the case encompassed both charges); *Abikar v. Bristol Bay Native Corp.*, 300 F. Supp. 3d 1092, 1101 (S.D. Cal. 2018) (allowing late-added FEHA claims to relate back to federal claims in a timely DFEH complaint because both were based on the same factual allegations); *Mariscal v. AT&T Mobility Servs., LCC*, No. 1:17–cv–00688–DAD–EPG, 2017 WL 5754896, at *6 (E.D. Cal. Nov. 28, 2017) ("Although defendant argues that plaintiff's second administrative charge was untimely because it was filed over a year after plaintiff was terminated in November 2015, the court finds that plaintiff's 2017 DFEH Charge concerns the same operative alleged facts as her 2016 DFEH Charge, and therefore, the allegations of the latter filing were timely submitted under the relation-back doctrine"). The relation-back doctrine only allows the addition of new theories that are based on the facts alleged in the original complaint. *Rodriguez v. Airborne Express*, 265 F.3d 890, 899 (9th Cir. 2001) ("the proper scope of the charge is determined by facts alleged in the original complaint, not the legal theory originally attached to those facts."). The relation-back doctrine only allows the addition of new defendants in certain circumstances.

In *Williams v. Gyrus ACMI LP*, No. 14–cv–00805–BLF, 2014 WL 4771667, at *4-5 (N.D. Cal. Sep. 24, 2014), the court explained that in order for a plaintiff to use the relation-back doctrine to add a new defendant after the statute of limitations has run, the plaintiff has the burden to show that the new defendant knew or should have known that the action would be brought against it, "but for a mistake

concerning the proper party's identity." The *Gyrus* court found that the plaintiff had not met that burden because there was no mistake concerning the proper party's identity. *Id.* at *4. The plaintiff's own statements showed that she was not ignorant of the defendant's identity when she filed her DFEH complaints. *Id.* Additionally, in a circumstance that closely parallels our current case, the court noted that the plaintiff only sought to amend her DFEH complaint after the defendant filed a motion to dismiss. *Id.* at *5.

The exact nature of the required "mistake" was explored by the court in *Ortiz v. Sodexho, Inc.*, No. 10–CV–2224 JLS (RBB), 2011 WL 3204842, at *4 (S.D. Cal. July 26, 2011). In *Ortiz* the plaintiff desired to amend a DFEH complaint to add a new defendant after the statute of limitations had run. *Id.* at *3. She had named an entirely different person through an "inadvertent error." *Id.* The court made clear that the plaintiff does not meet their burden simply by showing there was a mistake in the original complaint. *Id.* at *4. The mistake must concern the plaintiff's knowledge of the proper party's identity. *Id.* In *Ortiz* the plaintiff's own statements showed she was not ignorant of the identity of her alleged harasser, and the court concluded that she could not amend her complaint to add the new defendant. *Id.* at *5. This led to the court concluding that the new defendant was fraudulently joined and removal was proper. *Id.*

Plaintiff does not contend that he was unaware of the identity of his superior who left the allegedly harassing comment on his social media photo, ECF No. 1-1, Ex. A at ¶ 19, and like the plaintiff in *Gyrus* only sought to amend his DFEH complaint after the Defendant moved to dismiss. ECF No. 6; ECF No. 9, Ex. A. Thus, relation-back cannot render Plaintiff Hall's DFEH charge against Defendant Nino timely.

**5.** **Whether Alleged Harassment Fails as a Matter of Law**

Defendant also argues that the harassment alleged in the Complaint fails as a matter of law. Having found above that the claim against Nino is barred for having failed to exhaust administrative remedies within the statutory period, the Court need not consider this argument.

12

### 6. **Defendant Nino Was Fraudulently Joined**

Fraudulent joinder "is a term of art" that does not imply actual fraud. *See Morris*, 236 F.3d at 1067 (citing *McCabe*, 811 F.2d at 1339). Rather, fraudulent joinder occurs "when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (internal quotation marks and brackets omitted). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Bejarano v. Int'l Paper Co.*, No. 1:13–cv–01859–AWI–GSA, 2015 WL 351420, at *3 (E.D. Cal Jan. 23, 2015) (internal quotation marks and brackets omitted). "We have upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Grancare*, 889 F.3d at 548. Defendants are "entitled to present the facts showing the joinder to be fraudulent." *Morris*, 236 F.3d at 1067.

Defendant has established that Defendant Nino was fraudulently joined because at the time of removal, the statute of limitations had run for a claim against Defendant Nino, and the settled law of the state would not allow this deficiency to be cured by filing an amended complaint with DFEH. Because Plaintiff has not met the jurisdictional requirement that a DFEH complaint be filed within one year of the act complained of, the sole claim in the Complaint against Defendant Nino is barred by the statute of limitations. Accordingly, Defendant Nino's citizenship is properly disregarded under the fraudulent joinder doctrine, and this Court has diversity jurisdiction over this case.

### B. **Motion to Dismiss**

Having determined that it has diversity jurisdiction over this case, the Court turns to the motion to dismiss. The settled law of the state requires a plaintiff to file a charge with DFEH before bringing a claim in court against a defendant, and the relation-back doctrine does not apply to cases where the defendant was known to the plaintiff but was not mentioned in the body or caption of the original DFEH charge. When filed on March 26, 2019, even if the sixth cause of action presented a triable issue,

Plaintiff's failed to state a cause of action because Plaintiff had not exhausted his administrative remedies against Defendant Nino. By the time Plaintiff attempted to exhaust his administrative remedies against Defendant Nino by filing a DFEH charge on May 23, 2019, the statute of limitations had run. Since the facts and dates alleged in the complaint demonstrate that the complaint is barred by the statute of limitations, the Court concludes that the Plaintiff has failed to state a cause of action against Defendant Nino. Because the claim is barred under the statute of limitations, amendment would be futile. Accordingly, Defendant Nino's motion to dismiss the sixth cause of action is **GRANTED WITHOUT LEAVE TO AMEND**.

## V. CONCLUSION AND ORDER

For the reasons stated above, Defendant Nino's motion to dismiss the sixth cause of action is **GRANTED WITHOUT LEAVE TO AMEND** and Plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

Dated: **June 24, 2019**          **/s/ Lawrence J. O'Neill**
                               UNITED STATES CHIEF DISTRICT JUDGE